UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

LUIS A. GEREDA PROAÑO,            CASE NO.: 6:24-CV-1108

      Plaintiff,

vs.

LECHONERA LATINA #5, CORP and
RUBENSORY VARGAS,

      Defendants.
_____/

## **COMPLAINT**

    Plaintiff, Luis A. Gereda Proaño, sues Defendants, Lechonera Latina #5, Corp and Rubensory Vargas (collectively, "Defendants"), as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Luis A. Gereda Proaño**, is over 18 years old and has been a *sui juris* resident of Orange County, Florida, at all times material.

    2.    **Defendant, Lechonera Latina #5, Corp ("Lechonera")**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Orange County, Florida, at all times material,

1

where it maintains its principal place of business.

3.      **Defendant, Rubensory Vargas ("Mr. Vargas")**, was and is an owner/officer/president/manager of Lechonera for the time relevant to this lawsuit. He is a *sui juris* resident of Orange County, Florida, who ran its day-to-day operations, was responsible for all operational decisions, hired Plaintiff, and was partially or totally responsible for paying his wages.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintain their principal place of business in this District, because Plaintiff worked and was due to be paid in Orange County, and because most if not all of the operational decisions were made in this District.

5.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

6.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

2

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Luis A. Gereda Proaño, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8.      Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the FLSA.

10.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, promotion, and sales of food and beverage products, which traditionally cannot be performed without using goods, materials, supplies, cleaning supplies, and equipment that have all moved through interstate commerce.

11.     Defendants have been, at all material times, an enterprise engaged in interstate commerce in their marketing, preparation, cooking, service, and sale of

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

foodstuffs, rice, produce, meats, fish, beverages, coffees, teas, and products that moved through interstate commerce.

12.     Defendants cooked, prepared, and stored perishables and beverages using machinery, appliances, refrigeration, goods, and materials that have also moved through interstate commerce.

13.     Furthermore, Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

14.     Defendants also engage in interstate commerce through their website, http://orderlechoneralatina5mccoy.com/, which they registered through ionos.com, a foreign corporation, and which website they use to engage in interstate commerce through themenustar.com.

15.     Defendants' corporate annual gross revenue derived from this interstate commerce is believed to have exceeded $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

16.     Plaintiff was an hourly employee of Defendants, as the term

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

"employee" is defined by 29 U.S.C. §203(e).

17.     Plaintiff was a non-exempt employee of Defendants.

18.     Plaintiff consents to participate in this lawsuit.

19.     Plaintiff worked for Defendants as a Cook Assistant in its restaurant located at 1919 McCoy Road, Orlando, Florida 32809.

20.     Defendants agreed to pay Plaintiff $12.00 per hour for his work.

21.     Plaintiff worked for Defendants from about September 2023 through December 18, 2023.

22.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

23.     Defendants controlled all job-related activities of Plaintiff.

24.     Defendants coordinated all job-related activities of Plaintiff.

25.     Defendants supervised Plaintiff's work.

26.     Plaintiff's work for Defendants was actually in, or so closely related to, the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his

5

regularly and routinely preparing and cooking food products using tools, equipment, and food items that traveled in interstate commerce to Defendants.

27.     Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that he worked by not paying him at all for his work.

28.     As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

29.     Plaintiff is entitled to a backpay award of $7.25 for each hour he worked for Defendants, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Luis A. Gereda Proaño, demands the entry of a judgment in his favor and against Defendants, Lechonera Latina #5 Corp and Rubensory Vargas, jointly and severally after trial by jury and as follows:

     a.     That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

6

b.      That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiff recover all interest allowed by law;

e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.      Such other and further relief as the Court deems just and proper.

## COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION(S)

Plaintiff, Luis A. Gereda Proaño, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

30.      The Florida Constitution provides that "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair

7

low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Fla. Const., Art. X, §24(a).

31.     The applicable minimum age in Florida was $11.00 per hour until September 30, 2023, when it rose to $12.00 per hour.

32.     Plaintiff was a non-exempt employee of Defendants.

33.     Plaintiff worked for Defendants as a Cook's Assistant in their restaurant, located at 1919 McCoy Road, Orlando, Florida 32809.

34.     Defendants agreed to pay Plaintiff $12.00 per hour for his work.

35.     Plaintiff worked for Defendants from about September 2023 through December 18, 2023.

36.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

37.     Defendants controlled all job-related activities of Plaintiff.

38.     Defendants coordinated all job-related activities of Plaintiff.

39.     Defendants supervised Plaintiff's work.

40.     Defendants, however, did not pay Plaintiff at all for his work.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

41.     Florida law provides a cause of action against each "employer" who violates the FMWA by failing to pay the minimum wages required by Florida law.

42.     As applicable herein, Plaintiff served a letter on Defendants by U.S. Certified Mail on May 24, 2024, identifying the amount of Florida minimum wages he claims entitlement, his estimated work dates and hours, and the amount demanded, in compliance with Fla. Stat. §448.110(6).

43.     More than fifteen days have elapsed since Defendants received the aforementioned letter, but they neither paid the total amount demanded nor otherwise resolved the claim to his satisfaction.

44.     Plaintiff is, therefore, entitled to a back pay award of the minimum wages due to him under Florida law for all the hours he worked for them, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Luis A. Gereda Proaño, demands the entry of a judgment in his favor and against Defendants, Lechonera Latina #5 Corp and Rubensory Vargas, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in under the law and in Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

9

b. That Plaintiff recover pre-judgment interest on all unpaid Florida minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FMWA;

d. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage compensation and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

e. Such other and further relief as the Court deems just and proper.

## <u>COUNT III - FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiff, Luis A. Gereda Proaño, reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

45.    Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

46.    Defendants failed and refused to pay Plaintiff overtime wages calculated at one and one-half times his regular hourly rate(s) of at least the applicable Florida Minimum Wage of $12.00 per hour for each hour he worked beyond 40 hours in a given workweek.

10

47.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorney's fees and costs incurred.

WHEREFORE Plaintiff, Luis A. Gereda Proaño, demands the entry of a judgment in Plaintiff's favor and against Defendants, Lechonera Latina #5, Corp and Rubensory Vargas, after trial by jury and as follows:

a.     That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

denied in an amount to be shown at trial and other affirmative

relief;

    f.    That the Court declare Defendants to be in willful violation of

the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and

proper.

### COUNT IV – BREACH OF CONTRACT
### (Against Lechonera Latina #5, Corp)

Plaintiff, Luis A. Gereda Proaño, reincorporates and re-alleges paragraphs 1

through 7 as though set forth fully herein and further alleges as follows:

48.    Through this claim, Plaintiff seeks recovery of the "pure gap time"

wages that she worked and earned but did not receive.[1] *See e.g.*, *Jernigan v. 1st*

*Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v.*

*Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*,

2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long*

---

[1]    *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Island, Inc.,* 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va.,

95 F.3d 1263, 1280 (4th Cir. 1996).)

49.    Plaintiff and Defendant, Lechonera Latina #5, Corp, agreed that in

exchange for Plaintiff expending time and effort on their behalf, they would

compensate her at a rate of $12.00 for each hour that worked for it.

50.    Plaintiff performed under the parties' contract/agreement by

performing work for Defendants as aforesaid.

51.    Defendant, Lechonera Latina #5, Corp, however, failed and refused to

perform its obligation to timely pay Plaintiff at the rate of $12.00 for each hour of

work performed for Defendant from about September 2023 through December 18,

2023.

52.    Plaintiff has been damaged as a result of this Defendant's failure to

pay for the work performed from about September 2023 through December 18,

2023 in a timely manner.

WHEREFORE Plaintiff, Luis A. Gereda Proaño, demands the entry of a

judgment in her favor and against Defendant, Lechonera Latina #5, Corp,, after trial

by jury, for all breach of contract damages suffered, plus pre-judgment and post-

judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

<h2 style="text-align:center">COUNT V – UNJUST ENRICHMENT<br>(Against Lechonera Latina #5, Corp)</h2>

Plaintiff, Luis A. Gereda Proaño, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

53.    Through this claim, Plaintiff seeks to recover of the "pure gap time" wages that she worked and earned but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

54.    Plaintiff provided labor and services for Defendant, Lechonera Latina #5, Corp, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

---

[2]    *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

14

55.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

56.     Plaintiff provided services on behalf of Defendant, Lechonera Latina #5, Corp, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

57.     Defendant, Lechonera Latina #5, Corp, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from about September 2023 through December 18, 2023.

WHEREFORE Plaintiff, Luis A. Gereda Proaño, demands the entry of a judgment in her favor and against Defendant, Lechonera Latina #5, Corp, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Luis A. Gereda Proaño, demands a trial by jury of all issues so triable.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Respectfully submitted this 17th day of June 2024,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
[brian@fairlawattorney.com](mailto:brian@fairlawattorney.com)
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:  305.230.4884
*Counsel for Plaintiff*

16