UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS A. GEREDA PROAÑO,

    Plaintiff,

v.                                                                                  Case No.: 6:24-CV-1108-JSS-DCI

LECHONERA LATINA #5, CORP
and RUBENSORY VARGAS,

    Defendants.
_____/

**LECHONERA LATINA #5, CORP'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Lechonera Latina #5, Corp ("Lechonera" or "Defendant"), by and through its undersigned counsel, hereby files the following Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") (D.E. 01) filed by Plaintiff, Luis A. Gereda Proaño ("Plaintiff"), against Lechonera and co-defendant Rubensory Vargas ("Vargas")[1] on June 17, 2024, and responds to the correspondingly-numbered paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**[2]

1.    Upon information and belief, Plaintiff is over 18 years old. Defendant

---

[1] Defendant Lechonera responds individually to the Plaintiff's Complaint and the allegations therein. To the extent allegations are directed collectively to Lechonera and Vargas, Lechonera responds to such allegations as if they were directed towards Lechonera individually and does not intend to respond on behalf of Vargas.

[2] Defendant is utilizing Plaintiff's headings in the Complaint for ease in the Court's review but does not admit any allegations or inferences in the headings.

Lechonera is without knowledge or information sufficient to form a belief as to Plaintiff's residence and, therefore, denies the allegations contained in Paragraph 1 of the Complaint.

2.  Defendant Lechonera admits that it is a Florida for-profit corporation that was authorized to conduct and conducted its for-profit business in Orange County, Florida. Defendant Lechonera further admits that it maintains its principal place of business in Orange County, Florida.

3.  Defendant Lechonera admits the allegations contained in paragraph 3 of the Complaint for jurisdictional purposes only. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.  Defendant Lechonera admits the allegations contained in paragraph 4 of the Complaint for venue purposes only, but denies any wrongdoing and denies that Plaintiff is entitled to any relief whatsoever.

5.  Defendant Lechonera admits the allegations contained in paragraph 5 of the complaint for jurisdictional purposes only, but denies any wrongdoing and denies that Plaintiff is entitled to any relief whatsoever.

6.  Defendant Lechonera is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of the Complaint, and, therefore, denies the allegations.

7.  Defendant Lechonera is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 7 of the Complaint, and therefore, denies the allegations.

## COUNT I - FLSA MINIMUM WAGE VIOLATION(S)

Defendant Lechonera reasserts and incorporates by reference its responses to Paragraphs 1 through Paragraph 7 of the Complaint as if fully set forth therein.

8. Defendant Lechonera states the allegations in Paragraph 8 of the Complaint call for legal conclusions to which no response is required, and that the language of the FLSA speaks for itself. To the extent a response is required, Defendant Lechonera admits that it was Plaintiff's employer.

9. Defendant Lechonera admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant Lechonera admits that it is engaged in interstate commerce. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 10 of the Complaint.

11. Defendant Lechonera admits that it is engaged in interstate commerce. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 11 of the Complaint.

12. Defendant Lechonera admits that it is engaged in interstate commerce. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 12 of the Complaint.

13. Defendant Lechonera admits that it is engaged in interstate commerce. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 13 of the Complaint.

14. Defendant Lechonera admits that it is engaged in interstate commerce.

Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 14 of the Complaint.

15. Defendant Lechonera admits its gross revenue exceeded $500,000 in 2023 and $125,000 in the 4th quarter of 2023. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 15 of the Complaint.

16. Defendant Lechonera denies the allegations and inferences contained in Paragraph 16 of the Complaint.

17. Defendant Lechonera admits Plaintiff was a non-exempt employee. Defendant Lechonera denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant Lechonera is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 18 of the Complaint, and therefore, denies the allegations.

19. Defendant Lechonera admits that Plaintiff was employed as a Helper at its restaurant located at 1919 McCoy Road, Orlando, Florida 32809. Defendant Lechonera denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant Lechonera denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant Lechonera admits that Plaintiff began his employment on September 25, 2023. Defendant, however, denies that Plaintiff was employed through December 18, 2023.

22. Defendant Lechonera denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant Lechonera denies that Vargas controlled all job-related activities of Plaintiff. Admitted that Lechonera, through its agents, controlled all job-related activities of Plaintiff.

24. Defendant Lechonera denies that Vargas coordinated all job-related activities of Plaintiff. Admitted that Lechonera, through its agents, coordinated all job-related activities of Plaintiff.

25. Defendant Lechonera denies that Vargas supervised Plaintiff's work. Admitted that Lechonera, through its agents, supervised Plaintiff's work.

26. Defendant Lechonera states the allegations in Paragraph 26 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant Lechonera admits that the Fair Labor Standards Act applies to Plaintiff's work for Lechonera.

27. Defendant Lechonera denies the allegations and inferences contained in Paragraph 27 of the Complaint.

28. Defendant Lechonera denies the allegations and inferences contained in Paragraph 28 of the Complaint.

29. Defendant Lechonera denies the allegations and inferences contained in Paragraph 29 of the Complaint.

Defendants deny Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 29 of the

Complaint, including subparagraphs (a) through (f).

## COUNT II - FLORIDA MINIMUM WAGE ACT VIOLATION(S)

Defendant Lechonera reasserts and incorporates by reference its responses to Paragraphs 1 through Paragraph 7 of the Complaint as if fully set forth therein.

30. Defendant Lechonera states that the language of the Florida Constitution speaks for itself.

31. Defendant Lechonera admits that the minimum wage in Florida was raised from $11.00 to $12.00 per hour on September 30, 2023. Defendants denies the remaining allegations and inferences contained in Paragraph 31 of the Complaint.

32. Defendant Lechonera admits Plaintiff was a non-exempt employee of Lechonera. Defendants denies the remaining allegations and inferences contained in Paragraph 32 of the Complaint.

33. Defendant Lechonera admits that Plaintiff worked for Lechonera as a Helper in Defendants' restaurant, located at 1919 McCoy Road, Orlando, Florida, 32809. Defendant Lechonera denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant Lechonera denies the allegations and inferences contained in Paragraph 34 of the Complaint.

35. Defendant Lechonera admits that Plaintiff began his employment on September 25, 2023. Defendant, however, denies that Plaintiff was employed through December 18, 2023.

36. Defendant Lechonera denies the allegations and inferences contained in

Paragraph 36 of the Complaint.

37. Defendant Lechonera denies that Vargas controlled all job-related activities of Plaintiff. Admitted that Lechonera, through its agents, controlled all job-related activities of Plaintiff.

38. Defendant Lechonera denies that Vargas coordinated all job-related activities of Plaintiff. Admitted that Lechonera, through its agents, coordinated all job-related activities of Plaintiff.

39. Defendant Lechonera denies that Vargas supervised Plaintiff's work. Admitted that Lechonera, through its agents, supervised Plaintiff's work.

40. Defendant Lechonera denies the allegations and inferences contained in Paragraph 40 of the Complaint.

41. Defendant states that the language of the Florida Minimum Wage Act ("FMWA") speaks for itself. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 41 of the Complaint.

42. Defendant Lechonera admits Plaintiff made a written demand for wages, but denies the remaining allegations and inferences contained in Paragraph 42 of the Complaint.

43. Defendant Lechonera admits it did not pay the amount demanded by Plaintiff's letter. Denied, however, that Plaintiff is entitled to any relief requested in the letter or otherwise. Defendant denies the remaining allegations and inferences contained in Paragraph 43 of the Complaint.

44. Defendant Lechonera denies the allegations and inferences contained in

Paragraph 44 of the Complaint.

Defendant Lechonera denies Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 44 of the Complaint, including subparagraphs (a) through (e).

### COUNT III – FLSA OVERTIME WAGE VIOLATION(S)

Defendant Lechonera reasserts and incorporates by reference its responses to Paragraphs 1 through Paragraph 25 of the Complaint as if fully set forth therein.

45. Defendant Lechonera denies the allegations and inferences contained in Paragraph 45 of the Complaint.

46. Defendant Lechonera denies the allegations and inferences contained in Paragraph 46 of the Complaint.

47. Defendant Lechonera denies the allegations and inferences contained in Paragraph 47 of the Complaint.

Defendant Lechonera denies Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 47 of the Complaint, including subparagraphs (a) through (g).

### COUNT IV – BREACH OF CONTRACT
### (Against Lechonera Latina #5, Corp)

Defendant Lechonera reasserts and incorporates by reference its responses to Paragraphs 1 through Paragraph 7 of the Complaint as if fully set forth therein.

48. Defendant Lechonera admits that Plaintiff is seeking recovery of wages that he alleges are due, but denies that any such wages are due or that Plaintiff is

entitled to any relief whatsoever. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 48 of the Complaint.

49. Defendant Lechonera denies the allegations and inferences contained in Paragraph 49 of the Complaint.

50. Defendant Lechonera denies the allegations and inferences contained in Paragraph 50 of the Complaint.

51. Defendant Lechonera denies the allegations and inferences contained in Paragraph 51 of the Complaint.

52. Defendant Lechonera denies the allegations and inferences contained in Paragraph 52 of the Complaint.

Defendant Lechonera denies Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 52 of the Complaint.

### COUNT V – UNJUST ENRICHMENT
**(Against Lechonera Latina #5, Corp)**

Defendants reasserts and incorporate by reference its responses to Paragraphs 1 through Paragraph 7 of the Complaint as if fully set forth therein.

53. Defendant Lechonera admits that Plaintiff is seeking recovery of wages that he alleges are due, but denies that any such wages are due or that Plaintiff is entitled to any relief whatsoever. Defendant Lechonera denies the remaining allegations and inferences contained in Paragraph 53 of the Complaint.

9

54. Defendant Lechonera denies the allegations and inferences contained in Paragraph 54 of the Complaint.

55. Defendant Lechonera is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 55 of the Complaint, and therefore, denies the allegations.

56. Defendant Lechonera denies the allegations and inferences contained in Paragraph 56 of the Complaint.

57. Defendant Lechonera denies the allegations and inferences contained in Paragraph 57 of the Complaint.

Defendant Lechonera denies Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 57 of the Complaint.

## JURY DEMAND

Defendant Lechonera admits that Plaintiff seek a trial by jury. Lechonera, however, denies that there is any genuine issue of material fact to be tried.

## GENERAL DENIAL

Defendant Lechonera hereby denies each and every allegation and inference in the Complaint not specifically admitted above.

## DEFENSES

Defendant Lechonera gives notice that it may rely upon the following defenses to the Complaint. Lechonera does not assume the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiff's FLSA claims are barred under the FLSA's safe harbor provision in that Defendant Lechonera acted in good faith and had a policy requiring Plaintiff to report any unpaid wages or overtime; Plaintiff unreasonably failed to take advantage of this policy and failed to notify Defendant Lechonera that he felt he was owed unpaid wages or overtime compensation.

## THIRD DEFENSE

Plaintiff's FMWA claims are barred, in whole or in part, including any claims for liquidated damages, because at all relevant times, Defendant Lechonera acted in good faith and with reasonable grounds for believing that any act or omission relating to the matters raised in the Complaint did not violate the Florida Minimum Wage Act.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that any acts or omissions of Defendant Lechonera were willful under the FLSA.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that he has submitted false or inaccurate time reports. In such situations, Plaintiff's claims would be barred in whole or in part by the doctrines of estoppel and unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred because he was paid all wages due under the FLSA and FMWA.

## SEVENTH DEFENSE

Any recovery by Plaintiff should be limited to the extent that he has failed to mitigate any of the damages alleged in the Complaint. Plaintiff's interim earnings or amount Plaintiff could have earned with reasonable diligence should reduce any back pay otherwise recoverable by Plaintiff. In addition, any such sums may set-off and reduce other claims for damages alleged by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant Lechonera's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## NINTH DEFENSE

Defendant Lechonera's actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendant Lechonera is found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

## TENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of payment, as Plaintiff has been properly compensated.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent he seeks to recover damages from Defendant Lechonera during any time period in which Lechonera did not employ Plaintiff.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable and/or non-working time.

## THIRTEENTH DEFENSE

If any allegations of unlawful conduct are true, the Defendant Lechonera's employees implicated in those allegations acted on their own, in violation of Lechonera's strict policies prohibiting such conduct, and acted outside the scope of their employment.

## FOURTEENTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaged in activities which were not compensable work under the FLSA and other applicable laws and were not an integral and indispensable part of his principal activities.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, unclean hands and/or laches.

## SIXTEENTH DEFENSE

To the extent that Plaintiff is entitled to any recovery, Defendant Lechonera is entitled to a setoff in the amount that Plaintiff actually received, or in the exercise of reasonable diligence could have received, from other sources of recovery.

## SEVENTEENTH DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claim, allegations or alleged damages.

## EIGHTEENTH DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by the doctrine of accord and satisfaction.

## NINETEENTH DEFENSE

Defendant Lechonera did not receive any benefit from any of the claimed overtime hours allegedly performed by Plaintiff.

## TWENTIETH DEFENSE

Defendant Lechonera has not been unjustly enriched at the expense of Plaintiff. Nor does good conscience demand that additional payment be made to Plaintiff.

## TWENTY-FIRST DEFENSE

Any oral contracts pled by Plaintiff in the Complaint are barred and unenforceable by the statute of frauds and the parole evidence rule.

## TWENTY-SECOND DEFENSE

As to any contract of employment which may have existed between the parties, which Defendant denies, Defendant Lechonera fully performed any and all obligations which may have arisen from such contract or agreement.

## TWENTY-THIRD DEFENSE

To the extent the parties entered a contract governing Plaintiff's employment and payment of wages with Defendant Lechonera, Plaintiff's claim of unjust enrichment is barred.

## TWENTY-FOURTH DEFENSE

Without admitting that any violations of the FLSA have occurred, any uncompensated work time was *de minimis* and/or such claims are barred by the de minimis rule.  Plaintiff's claims are barred, in whole or in part, because any uncompensated work time was de minimis and/or because any alleged damages are speculative.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for damages is barred or reduced to account for payments made by Defendant for pay to which the plaintiff was not entitled under the FLSA or applicable state law.

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to overtime wages for work time that was used for personal reasons that have no connection with Defendant's business.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any overtime payments owed cannot be calculated at more than one-half of Plaintiff's regular rate of pay for the workweek in which Plaintiff worked.

## TWENTY-EIGHTH DEFENSE

No employment contract, agreement or covenant, either verbal or written, express or implied, existed at any time between Plaintiff and Defendant.

## TWENTY-NINTH DEFENSE

As to any contract of employment which may have existed between the parties, Defendant fully performed any and all obligations which may have arisen from such contract or agreement.

## RESERVATION OF RIGHTS

Defendant Lechonera has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendant Lechonera further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, Defendant LECHONERA LATINA #5, CORP, prays

judgment as follows:

1. That judgment be entered in favor of Defendant Lechonera and against Plaintiff and that the Complaint herein be dismissed with prejudice;

2. That Defendant Lechonera be awarded its costs of suit herein;

3. That Defendant Lechonera be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

DATED this 31st day of July, 2024.

        Respectfully Submitted,

        **GREENBERG TRAURIG, P.A.**
        450 South Orange Avenue, Suite 650
        Orlando, Florida 32801
        Telephone: (407) 420-1000
        E-mail:  Alicia.chiu@gtlaw.com
                    Samantha.gonzalez@gtlaw.com
                    FLService@gtlaw.com

        By: */s/ Alicia M. Chiu*
            Alicia M. Chiu, Esquire
            Florida Bar No. 0058366

and

        **GREENBERG TRAURIG, P.A.**
        Michael J. DeMaio, Esquire
        Florida Bar No. 1019194
        101 E. Kennedy Boulevard, Suite 1900
        Tampa, FL  33602
        Telephone: (813) 318-5700
        Email: Michael.DeMaio@gtlaw.com

        *Counsel for Defendant Lechonera Latina #5*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 31st day of July 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel for Plaintiff Brian H. Pollock, Esquire, Fairlaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, email: brian@fairlawattorney.com

*/s/ Alicia M. Chiu*