# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LUIS GEREDA,

     Plaintiff,

v.                                                                    Case No.: 6:24-CV-1108-JSS-DCI

LECHONERA LATINA #5, CORP
and RUBENSORY VARGAS,

     Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS LAWSUIT WITH PREJUDICE

Plaintiff, Luis Gereda ("Plaintiff"), and Defendants, Lechonera Latina #5, Corp and Rubensory Vargas (collectively "Defendants"), by and through undersigned counsel, file this Joint Motion to Approve the Settlement Agreement and Dismiss the Lawsuit with Prejudice.

## PRELIMINARY STATEMENT

Plaintiff filed his Complaint and alleged that each Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") by failing to pay him minimum wage and overtime wages for time worked over forty (40) hours in a workweek. Defendants deny those allegations and deny that they owed Plaintiff any compensation. The parties have settled this dispute. The settlement of an FLSA case requires court approval or the approval of the U.S. Department of Labor. Here, there is no pending matter before the Department of Labor; consequently, the parties

1

respectfully seek this Court's approval.

In addition to his FLSA claims, Plaintiff has also asserted claims of breach of contract and unjust enrichment under Florida law in his Complaint. Defendants further deny these allegations. Following negotiations, however, the parties wish to resolve these claims.

## DISCUSSION

### A. Settlement of FLSA Claims

As part of his FLSA claims, Plaintiff seeks damages for unpaid overtime, compensatory and liquidated damages, along with costs and attorneys' fees. Defendants deny Plaintiff's allegations and contend that Plaintiff was properly paid all wages owed to him.  The parties have now agreed to settle these disputes and represent that the terms set forth in the Settlement Agreement (attached as **Exhibit 1**) are a good faith compromise of the contested issues.

Claims arising under the FLSA may only be settled or compromised with the approval of the District Court or the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).  Employees cannot unilaterally waive claims for unpaid wages under the FLSA.  To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor, as provided by 29 U.S.C. § 216(c), or must be approved by the District Court. *See, e.g., Lynn's Food*, 679 F.2d at 1352-53. If a settlement reflects a "reasonable compromise over issues,

such as FLSA coverage or computation of back wages, that are actually in dispute;" the District Court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Id* at 1354.  Such settlements must be fair.  *Id.* at 1353.

The Settlement Agreement represents a fair and equitable resolution of Plaintiff's FLSA claims given the facts and issues of this case.  Plaintiff was hired on September 25, 2023 and was terminated on either December 17, 2023 or December 18, 2023. Plaintiff worked as a Cook Assistant, and claims that Defendants agreed to pay him $12.00 per hour. Defendant denies that it failed to pay Plaintiff less than minimum wage under the FLSA or FMWA, and further denies Plaintiff's allegation that Plaintiff "regularly and routinely" worked over 40 hours per week.

This Settlement Agreement will benefit the parties, especially considering the uncertainty regarding Plaintiff's claims and Defendants' defenses.  The resolution of those issues would dramatically affect any award in this case and the parties have decided that it is in their best interests to resolve this matter pursuant to the terms of the Settlement Agreement. The settlement is the product of many discussions between counsel and negotiations between the parties.  It is not the product of fraud, but rather reflects an arms-length negotiation of a difficult dispute.

## B. Attorneys' Fees

The Settlement Agreement also includes an amount for Plaintiff's reasonable attorneys' fees. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict

3

of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The resolution for Plaintiff's claims under Florida common law do not require the Court's approval.

The attorney's fees to be paid to Plaintiff's counsel were negotiated separately and without any impact on the wages (and liquidated damages) to be paid to the Plaintiff. Plaintiff's counsel will receive $11,000.00 in attorneys' fees ($10,436.25) and costs ($563.75) through the settlement. Based on the reasonable market rates of $500.00 per hour for attorney Brian H. Pollock, Esq., $325.00 per hour for attorney Patrick Brooks LaRou, Esq., and $165.00 per hour for paralegal Steffany Sanguino, which have been previously awarded to them, the parties agree that these rates are reasonable for this case. The parties further represent that the amount to be paid for Plaintiff's attorney's fees through the settlement reflects a compromise, as a reduction in the fees incurred by Plaintiff, such that the fees to be paid are fair and reasonable. Courts have held it unnecessary to inquire into the reasonableness of a plaintiff's attorneys' fees where, as here, both sides stipulated as to the reasonableness of the fees and it is readily apparent that the fees and costs did not diminish the plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

## C. Conclusion

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and reasonable resolution of this action.

*Lynn's Food*, 679 F.2d at 1355.  Accordingly, the parties respectfully request that the Court make such a determination with respect to the terms set forth in the Settlement Agreement and enter an order granting this Joint Motion to Approve Settlement Agreement and Dismiss the Lawsuit with Prejudice conditioned on the Court retaining jurisdiction to enforce the terms of the parties' Settlement Agreement for 120 days.[1]

Dated: October 18, 2024

Respectfully submitted by,

/s/ Michael J. DeMaio
Michael J. DeMaio, Esquire
**Greenberg Traurig, P.A.**
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
*Co-Counsel for Defendants, Lechonera*
*Latina #5, Corp and Rubensory Vargas*

/s/ Brian H. Pollock
Brian H. Pollock, Esquire
**FAIRLAW FIRM**
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
*Counsel for Plaintiff, Luis Gereda*

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).