# EXHIBIT 1

# FLSA SETTLEMENT AGREEMENT AND RELEASE

**THIS FLSA SETTLEMENT AGREEMENT AND RELEASE**, (the "Agreement"), is made and entered into by and between Lechonera #5 (hereinafter referred to as "Lechonera"), Rubensory Vargas (hereinafter referred to as "Vargas") (Lechonera and Vargas, are collectively referred to as the "Defendants"), and Luis A. Gereda Proano ("Proano") (collectively referred to as "Parties").

## W I T N E S S E T H:

**WHEREAS**, on or about June 17, 2024, Proano filed a lawsuit against Defendants in the Middle District of Florida, Orlando Division, captioned *Luis A. Gereda Proano vs. Lechonera Latina #5, Corp and Rubensory Vargas* Case No. 6:24-CV-1108 alleging Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110, and also asserting claims under Florida law for Breach of Contract and Unjust Enrichment (hereinafter referred to as the "Lawsuit");

**WHEREAS**, Defendants vigorously deny that they engaged in any improper or unlawful conduct or wrongdoing;

**WHEREAS**, this Agreement is made as the result of a *bona fide* dispute between the Parties regarding the validity of the claims in the Lawsuit;

**WHEREAS**, the Parties and their Counsel believe that the interest of all concerned are best served by compromise and settlement and have determined that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests;

**WHEREAS**, in entering into this Agreement, Defendants do not concede any liability on any claims asserted in the Lawsuit or discussed in this Agreement;

**THEREFORE, SUBJECT TO THE COURT'S APPROVAL, THE PARTIES AGREE AS FOLLOWS:**

1. **No Admissions.** This Agreement and compliance with this Agreement shall not be construed, either directly or by implication, as an admission by the Defendants of any liability whatsoever or that Defendants violated Proano's rights or any order, law, statute, rule, regulation, contract or any other duty or obligation of any nature whatsoever.

2. **Approval of Agreement.** The Parties agree that within 5 business days of Plaintiff signing this Agreement, the Parties will file a joint motion with the Court to approve this Agreement. The Parties mutually agree to cooperate fully in obtaining the Court's approval. The Parties mutually agree to support this Agreement as fair, reasonable, and adequate and entered into voluntarily to resolve a bona fide dispute between the Parties.

3. **Consideration**. As consideration for Proano signing this Agreement and compliance with the promises made herein, Defendants shall pay Proano the total sum of Seventeen Thousand Dollars and Zero Cents ($17,000.00) (the "Settlement Amount"), which Proano agrees to accept in full payment of all damages sought in the Lawsuit, and constitutes

Docusign Envelope ID: 1D690574-EFF9-4C1B-A553-83EF33A5909F
Case 6:24-cv-01108-DCI   Document 39-1   Filed 10/18/24   Page 3 of 8 PageID 144

FLSA Settlement Agreement and Release

complete payment and satisfaction of all monies to which Proano claims or may claim to be entitled from Defendants for the claims raised or that could have been raised in the Lawsuit. Payment of this Settlement Amount will be paid in three (3) separate monthly installments, with the first installment due within seven (7) days of the date that each of the following required conditions for payment have been met: (a) Proano executed this Agreement; (b) delivery to Defendants' counsel of an accurate W-9 form for Fairlaw Firm; and (c) the Court approves the Agreement (hereinafter the "Start Date"). The second installment will be due within thirty (30) days of the Start Date and the third installment will be due within sixty (60) days from the Start Date. Each installment shall be received by the due date at FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146. This Settlement Amount will be allocated and paid as follows:

a. **Wage Damages:** Defendants shall pay Luis A. Gereda Proano the total sum of Six Thousand Dollars and Zero Cents (**$6,000.00**) in full satisfaction of the alleged unpaid wages and liquidated damages, as follows:

- Three installment payments shall be made to the "FairLaw Firm Trust Account" in satisfaction of the back wages claimed by Luis A. Gereda Proano in the total aggregate sum of Three Thousand Dollars and No Cents (**$3,000.00**);

- Three installment payments shall be made to the "FairLaw Firm Trust Account" in satisfaction of the liquidated damages claimed by Luis A. Gereda Proano in the total aggregate sum of Three Thousand Dollars and No Cents (**$3,000.00**).

b. **Attorney's Fees:** Defendants shall pay to "FairLaw Firm" three installment payments in the total sum of Eleven Thousand Dollars and Zero Cents (**$11,000.00**) in satisfaction of Proano's alleged attorneys' fees and costs, which Defendants agree is fair and reasonable.

c. **Installment Schedule:** The Settlement Amount will be paid according to the following installment schedule:

- The first installment will be comprised of the following:

    1. **One check payable to the "FairLaw Firm Trust Account" for $2,000.00** in partial satisfaction of Defendants' payment obligations to Proano under this Agreement; and

    2. **One check payable to "FairLaw Firm" for $3,666.66** in partial satisfaction of Defendants' payment obligations for attorney's fees and costs payable under this Agreement.

- The second installment will be comprised of the following:

    1. **One check payable to the "FairLaw Firm Trust Account" for $2,000.00** in partial satisfaction of Defendants' payment obligations to Proano under this Agreement; and

2

Docusign Envelope ID: 1D690574-EFF9-4C1B-A553-83EF33A5909F
Case 6:24-cv-01108-DCI   Document 39-1   Filed 10/18/24   Page 4 of 8 PageID 145

FLSA Settlement Agreement and Release

    2. **One check payable to "FairLaw Firm" for $3,666.66** in partial satisfaction of Defendants' payment obligations for attorney's fees and costs payable under this Agreement.

- The third installment will include three checks for the following amounts:

    1. **One check payable to the "FairLaw Firm Trust Account" for $2,000.00**, in partial satisfaction of Defendants' payment obligations to Proano under this Agreement; and

    2. **One check payable to "FairLaw Firm" for $3,666.68** in partial satisfaction of Defendants' payment obligations for attorneys' fees and costs payable under this Agreement.

d. **Agreement for Distribution.** Proano agrees to the distribution of the settlement proceeds as set forth above.

e. FairLaw Firm shall receive a 1099-MISC for the checks issued to it and/or to FairLaw Firm Trust Account (for Proano) for the amounts paid pursuant to this Agremeent.

Proano shall not be entitled to seek any further attorneys' fees or costs, as the Settlement Amount is in satisfaction of all such fees and costs other than as related to any material breach or enforcement of this Agreement.

Proano acknowledges and agrees that Defendants have made no representations or warranties regarding the tax consequences of any amounts paid by Defendants to Proano pursuant to this Agreement. Proano agrees to pay his share of all federal or state taxes owed by Proano, if any, which are required by law to be paid with respect to the Settlement Amount. Proano further agrees to indemnify and hold Defendants harmless from any taxes owed by Proano, including interest or penalties owed by Proano, on account of this Agreement. Proano further agrees to reimburse Defendants for any attorneys' fees and costs incurred by Defendants as a result of having to obtain indemnification from Proano under this Agreement.

    4. <u>**No Further Payments Due.**</u> Proano agrees that the Settlement Amount shall constitute the entire amount of consideration provided to Proano arising under this Agreement and that Proano shall not seek any further compensation for any other claimed damages, losses, liabilities, costs or attorneys' fees in connection with the matters encompassed in or relating to the Lawsuit or this Agreement, other than arising from any enforcement of this agreement. Proano further agrees that, upon timely receipt of the Settlement Amount, Proano shall have been paid all monies due and owing to him arising from any alleged unpaid wages.

    5. <u>**Dismissal of Lawsuit with Prejudice.**</u> Proano agrees to the dismissal with prejudice of his claims in the Lawsuit, and otherwise agrees to do anything necessary to effect the dismissal of such claims as soon as practicable following his counsel's receipt of an executed copy of this Settlement Agreement, upon condition the Court retain jurisdiction to enforce this Agreement for 120 days. If, for any reason, Proano's claims in the Lawsuit are not dismissed with prejudice, this Agreement shall be ***null and void*** and the Parties shall be returned to the *status quo*

*ante*. Proano further represents and agrees that, other than the Lawsuit, neither he nor anyone on his behalf has filed any other administrative charge, complaint or judicial complaint against Defendants before any federal, state or local tribunal or administrative agency.

6. **Release**. With the exception of the rights arising under this Agreement, Proano hereby unconditionally and irrevocably releases and forever discharges Defendants, owners, officers, directors, agents, employees, insurers, successors, representatives, attorneys, and assigns of and from ("Released Parties") from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity under the FLSA or state law for any unpaid wages (including liquidated damages, interest, attorney's fees, or costs), including the claims which are the subject matter of the Lawsuit.

7. **Additional Acknowledgements**. Proano acknowledges and agrees that:

- He has read carefully the terms of this Agreement;

- He is entering this Agreement voluntarily and has reviewed this Agreement with his attorney of his choosing before signing it;

- He understands that this Agreement is a full and final bar to any and all FLSA and unpaid wage claims of any type that he may have against Defendants and the Released Parties, whether known or unknown to him at this time, but does not release any claims that may arise after the date he executed this Agreement;

- His obligations, waivers and releases pursuant to this Agreement are in exchange for consideration in addition to anything of value to which he may already be entitled;

- He has had a reasonable time to consider whether he wished to enter into this Agreement.

8. **Successors and Assigns**. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

9. **No Admission of Liability**. Nothing set forth herein shall be construed as an admission of any party of liability or wrongdoing of any kind to any person or entity.

10. **No Assignment**. The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

Docusign Envelope ID: 1D690574-EFF9-4C1B-A553-83EF33A5909F

11. **Modifications.** This Agreement may not be altered, amended, modified or terminated except by an instrument in writing executed by authorized representatives of the Parties.

12. **Entire Agreement.** The Parties hereto agree that this Agreement sets forth the entire agreement between the Parties concerning the subject matter of this Agreement and that they have not relied upon any representation or statement, written or oral, not set forth in this document.

13. **Binding Effect.** The rights and obligations of each Party under this Agreement inure to the benefit of and shall be binding upon the successors and assigns of that Party.

14. **Waiver.** No waiver of any term, provision or condition of this Agreement, whether by conduct or otherwise, in any one or more instances, shall be deemed to be, or construed as, a further or continuing waiver of that or any other term, provision or condition of this Agreement.

15. **Governing Law.** This Agreement shall be construed, enforced and interpreted in accordance with and governed by the laws of the State of Florida, without reference to its principles of conflicts of law. The Parties agree that the state and federal courts located in the State of Florida will have exclusive jurisdiction over any suit, action, or proceeding arising under or related to this Agreement. The Parties waive any claim or objection that such suit, action or proceeding is brought in an inconvenient forum or that such court does not have jurisdiction over the Parties.

16. **Severability/Enforceability.** The Parties agree that if any provision in this Agreement is held to be invalid, illegal or unenforceable, either legislatively or judicially, such provision will be severed herefrom, and the remainder of this Agreement will continue to be valid and enforceable unless such determination of invalidity shall deprive any Party of the substantial benefit of its bargain.

17. **Consent to Jurisdiction of the Court.** As a condition for approval of this Agreement and dismissal of the Lawsuit, the Parties agree the Court shall retain continuing and exclusive jurisdiction to enforce the terms of the Agreement and to address post-judgment matters as may be appropriate under Court rules or as set forth in this Agreement.

18. **Attorney Fees and Costs.** Except as otherwise set forth herein, each party shall be responsible for the payment of their own attorneys' fees and costs in the Lawsuit or the negotiation, preparation, and execution of this Agreement. The prevailing party in any action to enforce or relating to a breach of this Agreement shall be entitled to recover its attorney's fees and costs.

19. **Counterparts.** This Agreement may be executed by the Parties in separate counterparts. A copy or .pdf version of any signature or of this Agreement shall be considered the same as an original for all purposes.

20. **Informed Agreement.** Each Party hereto represents and agrees that they have carefully read and fully understand all the provisions of this Agreement and that they are voluntarily entering into this Agreement. Defendants further represent that the person signing on behalf of Lechenora #5 is authorized to act on its behalf.

| **Luis A. Gereda Proano**        | **Lechonera #5**                    |
|----------------------------------|-------------------------------------|
|                                  | By: _____         |
| **Luis A. Gereda Proano**        | Its: _Rubensory vargas_             |
| Date: _____    | Date: _10/16/2024_                  |
|                                  | **Rubensory Vargas**                |
|                                  | _____             |
|                                  | **Rubensory Vargas**                |
|                                  | Date: _10/16/2024_                  |

6

voluntarily entering into this Agreement. Defendants further represent that the person signing on behalf of Lechenora #5 is authorized to act on its behalf.

| **Luis A. Gereda Proano**<br><br>*Luis A. Gereda Proano (Oct 17, 2024 15:59 CDT)*<br>**Luis A. Gereda Proano**<br><br>Date: 10/17/2024 | **Lechonera #5**<br><br>By: _____<br><br>Its: _____<br><br>Date: _____ |
|---|---|
|  | **Rubensory Vargas**<br><br>_____<br>**Rubensory Vargas**<br><br>Date: _____ |

6